UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RACHEL E. ZIEMER,<br><br>    Petitioner,<br><br>v.<br><br>ANDREW SAUL, Commissioner of Social Security Administration,<br><br>    Respondent. | Case No. 1:18-CV-00528-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Rachel E. Ziemer's Petition for Review of the Respondent's denial of social security benefits, filed November 26, 2018. (Dkt. 1.) The Court has reviewed the Petition for Review, the Answer, the parties' memoranda, and the administrative record (AR), and for the reasons that follow, will affirm the decision of the Commissioner and dismiss the petition.[1]

---

[1] Andrew Saul was sworn in as Commissioner of Social Security on June 17, 2019, and is substituted in as the Respondent pursuant to Federal Rule of Civil Procedure 25(d) and 42 U.S.C. Section 405(g).

**MEMORANDUM DECISION AND ORDER - 1**

## PROCEDURAL AND FACTUAL HISTORY

On June 7, 2016, Petitioner filed applications for Disability Insurance Benefits and for Supplemental Security Income alleging disability beginning November 26, 2015. The applications were denied initially and on reconsideration. A hearing was held on January 4, 2018, before Administrative Law Judge (ALJ) David Willis. At the hearing before the ALJ, Petitioner amended her alleged onset date to March 4, 2016. (AR 14, 36.) After hearing testimony from Petitioner and vocational expert Elizabeth Cunningham, the ALJ issued a decision finding Petitioner not disabled on May 2, 2018. Petitioner's request for review by the Appeals Council was denied on September 28, 2018, making the ALJ's decision final. Petitioner filed this action seeking judicial review of the ALJ's decision under 42 U.S.C. Section 405(g).

At the time of the hearing, Petitioner was 35 years of age. Petitioner has a high school education and a cosmetology license. Petitioner's prior work experience includes receptionist at a salon and travel agency, customer service representative at various different call centers, data entry, admissions secretary, billing collections, and self-employed cosmetologist. In January 2012, Petitioner was rear-ended in a car accident resulting in neck pain, dizziness, and headaches. Petitioner has been diagnosed with neck pain, anxiety, chronic pain syndrome, vertigo, and migraines. (AR 45.)

## SEQUENTIAL PROCESS

The Commissioner follows a five-step sequential evaluation for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920. At step one, it must

be determined whether the claimant is engaged in substantial gainful activity. The ALJ found Petitioner had not engaged in substantial gainful activity since her alleged onset date of March 4, 2016. At step two, it must be determined whether the claimant suffers from a severe impairment. The ALJ found Petitioner's depression, anxiety, migraine headaches, mild degenerative disc disease of the cervical spine, and cervicogenic vertigo to be severe within the meaning of the Regulations.

Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Petitioner's impairments did not meet or equal the criteria for the listed impairments. Specifically, the ALJ evaluated Petitioner's neck conditions under the section 1.00 listings for musculoskeletal impairments; in particular, listing 1.04 (disorders of the spine). The ALJ also evaluated Petitioner's vertigo and migraine headaches under listing 11.00 (neurological impairments) and her anxiety and depression under the section 12.00 listings (mental impairments). If the claimant's impairments do not meet or equal a listing, the Commissioner must assess the claimant's residual functional capacity (RFC) and determine, at step four, whether the claimant has demonstrated an inability to perform past relevant work.

The ALJ determined Petitioner retained the RFC to perform sedentary work as defined in 20 C.F.R. Section 404.1567(a) and Section 416.967(a), with the following limitations: Petitioner can lift, carry, push, and pull ten pounds occasionally and less than ten pounds frequently; can sit for up to six hours in an eight-hour workday; can stand or walk for up to two hours in an eight-hour workday; can stand or walk for no more than

thirty minutes at one time; can sit for up to forty-five minutes at one time before alternating to standing or walking while remaining on task; can only occasionally reach overhead but can frequently reach in all other directions; can climb ramps and stairs occasionally; can never climb ladders, ropes, or scaffolds; can occasionally balance, stoop, kneel, crouch, or crawl; and can never work at unprotected heights, around moving mechanical machinery, or be required to drive an automobile as part of employment. Petitioner should avoid concentrated exposure to extreme cold and heat and can never be exposed to vibration. Petitioner is limited to simple, routine, repetitive tasks not performed at a production rate and to simple work-related decisions utilizing judgment or dealing with changes in the work setting. Petitioner can interact and respond appropriately to supervisors, coworkers, and members of the general public occasionally; is limited to incidental interactions with coworkers; and cannot perform teamwork tasks as part of employment. Petitioner's interaction with the public is limited to incidental contact, no greater than occasional. Petitioner would be off task for ten percent of a workday and would miss one workday per month.

In making the RFC determination, the ALJ considered all of Petitioner's symptoms, the objective medical evidence, opinion evidence, and other relevant evidence in the record. The ALJ evaluated Petitioner's own statements and found Petitioner's impairments could reasonably be expected to cause the alleged symptoms, but that Petitioner's statements concerning the intensity, persistence, and limiting effects of the symptoms were not entirely consistent with the medical evidence and other evidence in

**MEMORANDUM DECISION AND ORDER - 4**

the record. (AR 20.) The ALJ discussed the evidence in the record concerning each of Petitioner's impairments. The ALJ considered also the records of Petitioner's treating physician, Mark Rutherford, M.D., and the evaluations completed by the state agency medical and psychological consultants.

The ALJ next found Petitioner unable to perform her past relevant work as a customer service representative, billing collections representative, front desk receptionist, and admissions clerk. (AR 23.) If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate, at step five, that the claimant retains the capacity to make an adjustment to other work that exists in significant levels in the national economy, after considering the claimant's age, education, work experience, and RFC.

Here, the ALJ concluded that, based on the vocational expert's testimony and considering Petitioner's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Petitioner can perform. (AR 24-23.) Specifically, the ALJ concluded Petitioner has the RFC to perform the requirements of representative occupations such as document preparer, addresser, and surveillance systems monitor. The ALJ therefore found Petitioner not disabled from March 4, 2016 to May 2, 2018. (AR 24.)

## STANDARD OF REVIEW

Petitioner bears the burden of showing that disability benefits are proper because of the inability "to engage in any substantial gainful activity by reason of any medically

**MEMORANDUM DECISION AND ORDER - 5**

determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also* 42 U.S.C. § 1382c(a)(3)(A); *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). An individual will be determined to be disabled only where their physical or mental impairments are of such severity that they cannot do their previous work and are also unable, considering their age, education, and work experience, to engage in any other kind of substantial gainful work which exists in the national economy. 42 U.S.C. § 423(d)(2)(A).

In determining whether to reverse an ALJ's decision, the Court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, but less than a preponderance; it is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the Court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted). The Court "may not substitute [its] judgment for that of the

**MEMORANDUM DECISION AND ORDER - 6**

Commissioner." *Verduzco v. Apfel*, 188 F.3d 1087, 1089 (9th Cir. 1999).

## DISCUSSION

**1.      The Petition is Dismissed Under Federal Rule of Civil Procedure 41(b)**

Petitioner filed a *pro se* application and petition for review requesting the Court reverse the Commissioner's decision finding her not disabled. (Dkt. 1, 2.) The Court granted Petitioner leave to proceed *in forma pauperis* and issued a procedural order on November 26, 2018, explaining the proceedings and notifying the parties of the briefing schedule. (Dkt. 3, 9.) On May 2, 2019, Respondent filed an answer to the petition for review and lodged a copy of the Administrative Record. (Dkt. 14, 15.) Petitioner was required to file a brief in support of the petition within thirty days of the Administrative Record being filed, which then would have triggered the Respondent's time for filing a response brief. (Dkt. 3.) Petitioner did not file a brief. Respondent filed a response brief requesting dismissal for failure to prosecute. (Dkt. 21.)

On February 3, 2020, the Court issued a second Order directing Petitioner to file a brief in support of her Petition on or before February 21, 2020, and notifying Petitioner that failure to do so will result in dismissal of this matter without further notice for failure to prosecute. (Dkt. 19.) Petitioner has not filed a brief and the time for doing so has passed.

Federal Rule of Civil Procedure 41(b) permits the involuntary dismissal of an action or claim for a plaintiff's failure to prosecute. *See Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962) ("authority of a court to dismiss sua sponte for lack of prosecution

**MEMORANDUM DECISION AND ORDER - 7**

has generally been considered an 'inherent power'"). Unless otherwise stated, a dismissal under Rule 41(b) "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

Accordingly, dismissal of this case is proper pursuant to Federal Rule of Civil Procedure 41(b) for failure of Petitioner to prosecute. Nonetheless, the Court has reviewed the record in this matter and, because Petitioner is proceeding *pro se*, construed the allegation in the petition liberally. *Griffin v. Berryhill*, Case No. C17-308-RAJ, 2018 WL 3216895, at *2 (W.D. Wash. July 2, 2018) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985)). Based on that review and for the reasons that follow, the Court will affirm the ALJ's decision and dismiss the petition.

2.      **The ALJ's Decision is Affirmed**

The petition alleges the ALJ erred in concluding Petitioner had not been treated or diagnosed by a psychiatrist when, in fact, Petitioner claims she had been treated, diagnosed, and deemed permanently disabled by a psychiatrist. (Dkt. 2 at 3.) The petition further states the evidence showing Petitioner had been treated by a psychiatrist was provided to the Appeals Council. (Dkt. 2 at 3.)

The evidence in question are the records of psychiatrist Michele Boyer, M.D., from 2014. (AR 135.)[2] Dr. Boyer began treating Petitioner's panic disorder on March 11, 2014. (AR 135.) On April 9, 2014, Dr. Boyer opined that Petitioner was "unable to

---

[2] The Administrative Record appears to contain two records from Dr. Boyer. (AR 135.) The first is a one-page, one-paragraph statement dated April 9, 2014. (AR 135.) The second is a mental RFC assessment form signed on June 18, 2014. (AR 136-138.) The Appeals Council refers to the evidence as one record, comprised of four pages, dated April 9, 2014. (AR 2.) This minor discrepancy does not alter or change the Court's reasoning or result in this matter.

**MEMORANDUM DECISION AND ORDER - 8**

maintain gainful employment as a result of her medical and psychiatric issues." (AR 135.) On June 18, 2014, Dr. Boyer completed a mental RFC assessment form which included check-box summaries of Petitioner's mental functional capacity and a functional capacity assessment note stating:

> Patient continues with sever anxiety and panic attacks that are exacerbated by work related stress. The anxiety is associated with difficulty concentrating, short-term memory problems and confusion making it difficult to perform in the workplace. These functional limitations are not expected to change over time.

(AR 138.)

"The ALJ must consider all medical opinion evidence" in the record. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008); *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996) (ALJ errs completely ignoring medical evidence); 20 C.F.R. § 404.1527(b) ("In determining whether you are disabled, we will always consider the medical opinions in your case record together with the rest of the relevant evidence we receive."); 20 C.F.R. § 404.1527(c) ("Regardless of its source, we will evaluate every medical opinion we receive."). Dr. Boyer's records were part of the record before a different ALJ in a prior disability proceeding, but were not, however, part of the record before the ALJ in this matter. (AR 28-29, 75-134, 433.)

In the prior proceeding, the ALJ's initial decision finding Petitioner not disabled was remanded by the Appeals Council, in part, to clarify the weight the ALJ gave to Dr. Boyer's records. (AR 77.) On remand, the ALJ held a second hearing where he specifically addressed Dr. Boyer's records as well as other medical evidence relating to

**MEMORANDUM DECISION AND ORDER - 9**

Petitioner's mental impairments and, on November 25, 2015, issued a decision again finding Petitioner not disabled. (AR 35.).

Following that determination, on June 7, 2016, Petitioner filed the applications for disability benefits in this case, alleging disability beginning on November 26, 2015, the day after the AJL's unfavorable ruling in the prior proceeding. Petitioner later amended the alleged onset date to March 4, 2016. (AR 35-36.)[3]

Dr. Boyer's records were not, however, part of the record before the ALJ in this matter at the time of the hearing or the ALJ's decision. (AR 28-29, 433.) Instead, Dr. Boyer's records were submitted to the Appeals Counsel as part of Petitioner's request for review, after the ALJ had issued his decision. (AR 2, 433.)[4] There was, therefore, no error because the ALJ could not have considered Dr. Boyer's reports that were not in the record before him.

Further, remand for consideration of the evidence is not warranted. Under 42 U.S.C. Section 405(g), the court may "at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new

---

[3] At the hearing before the ALJ, Petitioner amended the alleged onset date based on a letter in the record from Dr. Rutherford dated March 4, 2016. (AR 35-35, 441.)

[4] The Appeals Council decision concluded Dr. Boyer's records do "not show a reasonable probability that it would change the outcome of the decision. We did not consider and exhibit this evidence." (AR 2.) The Court does "not have jurisdiction to review a decision of the Appeals Council denying a request for review of an ALJ's decision, because the Appeals Council decision is a non-final agency action." *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012) (citing *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1231 (9th Cir. 2011) ); *see also Bifarella v. Colvin*, 51 F. Supp. 3d 926, 932–33 (E.D. Cal. 2014) ("[T]he Ninth Circuit has made clear that district courts do not have jurisdiction to review whether or not an Appeals Council appropriately denied a request for review of an ALJ's decision.").

evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." The Court may evaluate all evidence in the record, including new evidence submitted to the Appeals Council after the ALJ has issued his opinion. *See Luther v. Berryhill*, 891 F.3d 872, 876 (9th Cir. 2018). Here, however, Dr. Boyer's 2014 records predate the alleged onset date in this case and are, therefore, neither new evidence nor change the result.

The ALJ is not required to discuss evidence "that is neither significant nor probative." *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003). Because Dr. Boyer's records predate Petitioner's alleged onset date by almost two years, they have limited relevance. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008) ("Medical opinions that predate the alleged onset of disability are of limited relevance."). This is especially true in cases such as this where disability is allegedly caused by a discrete event, such as a car accident. *See* SSR 18-1p (2018).

Dr. Boyer's records also do not change the outcome of the disability determination in this case. The ALJ considered Petitioner's mental impairments in his decision, concluding Petitioner's depression and anxiety were severe impairments and that Petitioner's mental impairments posed moderate limitations on her ability to concentrate, persisting, or maintaining pace; adapt or manage oneself; and understanding, remembering, and applying information. (AR 16-18.) The ALJ incorporated those limitations into the RFC.

In doing so, the ALJ properly weighed and discussed the evidence in the record,

**MEMORANDUM DECISION AND ORDER - 11**

including records relating to Petitioner's mental health issues, that were more recent than Dr. Boyer's records and relevant to the time period of the alleged onset date in this case. (AR 19-20.) Namely, records from the time period of the alleged onset date of March 4, 2016, including those of Dr. Rutherford, Petitioner's treating physician, Petitioner's own statements, and the state agency medical consultants. (AR 21-23.) The ALJ properly explained his reasons for giving little weight to Dr. Rutherford's opinions and his conclusion that Petitioner's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence. *See Tommasetti*, 533 F.3d at 1041 (The ALJ properly rejected a treating physician's opinion based on inconsistencies with the medical record and inconsistencies with the treating physician's own treatment notes.); *Orn*, 495 F.3d at 639 (The ALJ properly rejected claimant testimony based on inconsistencies with the claimant's activities). The Court finds substantial evidence in the record supports the ALJ's decision.

Regardless, any error was harmless. "[H]armless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). "[A]n ALJ's error is harmless where it is inconsequential to the ultimate nondisability determination." *Id.* (citations and internal quotation marks omitted). The Court must "look at the record as a whole to determine whether the error alters the outcome of the case." *Id.* The Court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111. Conversely, the Court may not uphold an ALJ's decision on a ground not actually relied on by the ALJ. *Id.* at 1121.

Here, the conclusions in Dr. Boyer's records are consistent with the evidence in the record that the ALJ did consider and discuss – specifically, Dr. Rutherford's records. Both Dr. Boyer and Dr. Rutherford opine that Petitioner's mental impairments make her unable to maintain any meaningful employment. As discussed above, the ALJ properly weighed and evaluated Dr. Rutherford's records as well as all of the evidence in the record before him, and the ALJ's decision concluding to the contrary of Drs. Boyer and Rutherford is supported by substantial evidence in the record.

Further, the particular statements in the ALJ's decision challenged by Petitioner concerning the lack of treatment by or referral to a mental health specialist, are accurate based on the record before the ALJ and the evidence applicable to the relevant time period in this case. (Dkt. 2 at 3.) Despite the fact that Petitioner was treated by Dr. Boyer in 2014, the record shows that, during the time period relevant to this case: Dr. Rutherford took over Petitioner's mental health treatment, Dr. Rutherford is not a mental health specialist, and that there was no referral to or treatment by a mental health specialist during this period of time. (AR 79-80.) The ALJ's conclusions regarding the lack of mental health treatment by a specialist for the time period relevant to this case are, therefore, correct based on the record before the ALJ.

For all of these reasons, the Court finds the ALJ did not err and the disability determination is based on substantial evidence in the record.

# ORDER

Based upon the foregoing, the Court being otherwise fully advised in the premises,

**IT IS HEREBY ORDERED** that the Commissioner's decision finding that the Petitioner not disabled within the meaning of the Social Security Act is **AFFIRMED** and that the petition for review is **DISMISSED**.

DATED: March 11, 2020

_____
Honorable Candy W. Dale
United States Magistrate Judge